FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 27 2018 ★
BROOKLYN OFFICE

Rec'd 6/27/18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X          NOT FOR PUBLICATION
CHRISTOPHER SANDERS,

        Plaintiff,         **MEMORANDUM AND ORDER**
                            17-CV-5143 (KAM)(RLM)
  -against-

UNITED STATES OF AMERICA,

        Defendant.
----------------------------------X

**MATSUMOTO, United States District Judge**:

    Plaintiff Christopher Sanders filed the above-captioned *pro se* action against the United States of America on August 25, 2017. (ECF No. 1, Complaint.) On October 17, 2017, the court received a signed Prisoner Authorization form dated February 21, 2017. (ECF No. 4, Prisoner Authorization Form.)

    By order entered February 13, 2018, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and granted plaintiff 30 days' leave to file an amended complaint. (ECF No. 6, Memorandum and Order.) The court granted plaintiff two extensions of time to file, the time for which has lapsed, and, to date, plaintiff has not filed an amended complaint. (*See* ECF Entries dated 3/16/2018 and 4/5/2018.)

On May 4, 2018, the court received plaintiff's request that the action be transferred to Philadelphia "with [his] other pending cases in front of Arlean Fisk at . . . [the] United States District Attorneys office." (ECF No. 9, Letter from Plaintiff at 4.) The request mentions a criminal docket number, 07-CR-430, and two civil docket numbers, 17-CV-3023 and 17-CV-3255.[1]

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with the Federal Rules of Civil Procedure or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (explaining Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute" (citing *Link v. Wabasha R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted)).

The Second Circuit has identified five factors for the court to assess when determining whether dismissal is proper: whether "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2)

---

[1] A search of the ECF database for the United States District Court for the Eastern District of Pennsylvania reveals that plaintiff's request to proceed *in forma pauperis* in *Sanders v. USA*, 17-CV-3255, was denied pursuant to 28 U.S.C. § 1915(g) because plaintiff had previously filed three or more actions in federal court that were dismissed as frivolous or malicious, or for failure to state a claim. *See Sanders v. USA*, 17-CV-3255, slip op. (E. D. Pa. July 27, 2017).

2

plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [whether the court] adequately assessed the efficacy of lesser actions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No single factor is dispositive. *Id.*

As applied in this case, the *Drake* factors weigh in favor of dismissal. First, plaintiff has failed to respond to court orders or take any action in this matter since he mailed his signed Prisoner Authorization form to the court in October 2017. *Sadhoo v. Triport International Aircraft Ground Equipment Repairs, Inc.*, No. 15-cv-2832, 2016 WL 3752959, at *2 (E.D.N.Y. June 14, 2016), *report and recommendation adopted*, No. 15-cv-2832, 2016 WL 3766299 (E.D.N.Y. July 14, 2016) (finding plaintiff's failure to communicate with the court or counsel for over three months militated in favor Rule 41(b) dismissal). Moreover, he has failed to file an amended complaint in the time allowed, despite an extension of time by the court. *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177-78 (2d Cir. 2008) (affirming district court dismissal for failure to prosecute where *pro se* plaintiff failed to file amended complaint in time allowed). Second, plaintiff has been on

3

notice since April 5, 2018 that failure to take any action could result in dismissal.

Third, prejudice to defendants may be presumed from an unreasonable delay in prosecution, such as here where the plaintiff has not communicated with the court since October 2017 and has failed to respond to the court's orders since February 2018. *Garcia v. City of New York*, No. 14-cv-4160, 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (presuming defendants were prejudiced where plaintiffs were inaccessible for two and a half months). Given the court's congested calendar, the resources and time the court has already expended in addressing plaintiff's failure to prosecute this case, and plaintiff's apparent disinterest in pursuing this case, even when prompted and warned by the court, the fourth *Drake* factor weighs in favor of dismissal. Finally, the court finds that it would not be possible to impose lesser sanctions than dismissal because plaintiff has not been responsive to court orders. *Rubin v. Abbott Laboratories*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (finding lesser sanctions inapplicable where plaintiff could not be contacted) (collecting cases). Accordingly, plaintiff's complaint is dismissed for failure to prosecute and to comply with court orders pursuant to Rule 41(b).

Moreover, plaintiff's request to transfer the action to the District Court for the Eastern District of Pennsylvania is denied as moot.

**CONCLUSION**

For the reasons stated, the above-captioned action is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment in the above action, serve a copy of this Memorandum and Order and the judgment on plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

Dated: June 26, 2018
      Brooklyn, New York

                                          /s/
                                **HON. KIYO A. MATSUMOTO**
                                United States District Judge